### FELTON v. BROWN.

#### Opinion delivered November 24, 1913.

MANDATE—CAUSE REMANDED WITH DIRECTIONS.—When a cause, involving the right to lands, was remanded with directions "to enter a decree in accordance with the opinion," the chancery court was only authorized to make disposition of the lands involved in the controversy, and embraced within the decree.

Appeal from Lonoke Chancery Court; *George Sibly,* Special Chancellor; reversed in part; affirmed in part.

#### STATEMENT BY THE COURT.

This cause was heard upon the mandate of this court in *Felton* v. *Brown,* 102 Ark. 658. In that case we affirmed the decree of the chancery court "insofar as it relates to the homestead of Mary A. Felton," and reversed the decree insofar as it awarded to Alice Lamb one-third of the estate of Marion Felton, deceased, and so much of the decree as awarded to Carrie Felton certain portions of the personal property of the estate. The cause was remanded with directions "to enter a decree in accordance with the opinion, and for further proceedings if necessary."

The chancery court, in disposing of the cause under the mandate from this court, found, among other things, as follows: "That Mary A. Felton, Carrie Brown and Louis Felton entered into an agreement for the disposition of the residue of the estate of Marion Felton, deceased; that in pursuance of said agreement Louis Felton and Mary A. Felton executed a deed to Carrie Brown for her share or portion of the estate, and delivered the same to Mary A. for the sole use and benefit of the said

Carrie Brown, which deed included the southwest quar-
ter of the northeast quarter of section 2, township 2
north, range 9 west, which deed the testimony in the case
discloses has been lost or mislaid and could not, upon the
former trial, be produced and is not of record; that by
the execution by the said parties of said deed and the
delivery thereof to Mary A. for the use and benefit of
Carrie, said Carrie Brown became the owner of the said
southwest quarter of northeast quarter, section 2, town-
ship 2 north, range 9 west, and is now the owner of the
same. That the parties and the subject matter all be-
ing before the court and within its jurisdiction, and the
said Carrie demanding relief, and there being no ques-
tion upon the proof in the case as to the facts, the court
decrees "that all the title of the makers of said deed and
other heirs of the estate of Marion Felton be divested
out of them and invested in Carrie Brown."

From this decree the appellant prosecutes this ap-
peal.

*Trimble & Trimble,* for appellant.

*George M. Chapline,* for appellee.

WOOD, J., (after stating the facts). When the case
of *Felton* v. *Brown,* 102 Ark. 658, was remanded with
directions "to enter a decree in accordance with the opin-
ion," the chancery court was only authorized to make
disposition of the lands involved in that controversy and
embraced within the decree, and the chancery court, when
the case was remanded, could only dispose of the lands
in accordance with the decree of this court affirming the
decree of the chancery court disposing of and settling the
homestead and dower rights of Mary A. Felton in the
land of her deceased husband, Marion Felton.

An examination of the pleadings will discover that
the land now in controversy was not in issue and was
not embraced in the lands disposed of by the decree, and
there was nothing in the original decree divesting the
title to the southwest quarter of the northeast quarter
of section 2, township 2 north, range 9 west, out of Mary
A. Felton and investing same in Carrie Brown. This

court affirmed the decree of the chancellor in the disposition made of the homestead and dower rights of Mary A. Felton in the land of her deceased husband, Marion Felton. This disposition of the land in controversy was not germane to the issues raised and disposed of by the former decree in the case and was without authority under the mandate issued on the decree in *Felton* v. *Brown,* above mentioned.

So much, therefore, of the decree now on review as divests the title out of the appellant and invests the same in appellee, Carrie Brown, is reversed and set aside. In other respects, the decree is in all things affirmed. The cause will be remanded to the chancery court with directions to enter a decree in accordance with this opinion.